UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANTONIO CANTU, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-01866-JRS-TAB |
| | ) | |
| WARDEN, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**Entry Granting Motion to Dismiss,
Directing Entry of Final Judgment, and Denying Certificate of Appealability**

Petitioner Antonio Cantu's petition for writ of habeas corpus challenges his parole revocation. Dkt. 1. The respondent filed a return to show cause order which argued that the petition should be dismissed for procedural default. Dkt. 11. For the following reasons, the respondent's motion to dismiss, dkt. [10], is **GRANTED**, Mr. Cantu's habeas petition is dismissed without prejudice, and a certificate of appealability shall not issue.

## I.    Background

On October 3, 2008, Mr. Cantu pleaded guilty to Class B felony robbery and was sentenced to serve six years within the Indiana Department of Correction ("IDOC").[1] He was released on parole on March 27, 2010, and a parole violation warrant was issued shortly thereafter on March 10, 2011, first for failing to report to his parole agent and later for robbing a bank in Michigan City, Indiana. On September 28, 2011, Mr. Cantu was sentenced to 178 months in federal prison for bank robbery.[2] In July of 2012, Mr. Cantu was sentenced to 15 years in IDOC for sexual

---

[1] *See* MyCase Chronological Case Summary (hereinafter "CCS") for Cause No. 45G03-0712-FB-00104 at 10/03/2008, available at https://public.courts.in.gov/mycase (last visited August 6, 2025).

[2] *See United States v. Cantu*, No. 3:11-cr-40 (Sept. 28, 2011), Dkt. 37.

misconduct with a minor to be served concurrently with his federal bank robbery sentence.[3] On April 17, 2024, Mr. Cantu completed his federal sentence, and his parole time restarted. Dkt. 1. On July 23, 2024, he then was found guilty of violating Rules #7 and #10 of his parole, as previously alleged when the parole violation warrant was issued on March 10, 2011; and his parole was revoked. Dkt. 10-1 at 1.

On June 15, 2017, Mr. Cantu filed his first habeas corpus petition challenging his parole revocation, which he would face once he finished serving his federal prison term for bank robbery.[4] The Court dismissed his petition without prejudice because his parole had not yet been revoked.[5] On October 18, 2017, Mr. Cantu then filed a petition for post-conviction relief, which was later dismissed with prejudice for failure to prosecute.[6] Mr. Cantu did not appeal. He then filed a "motion to adjudicate" in his state court cases asking the trial court to recall his parole violation warrant, which was denied.[7]

On December 16, 2019, Mr. Cantu filed another habeas petition challenging his parole violation warrant and detainer.[8] On May 14, 2020, the Court denied his petition because he had not been deprived of any protected rights by the issuance of a revocation warrant. *Id.* Mr. Cantu did not appeal. Dkt. 11 at 4. On June 26, 2023, Mr. Cantu then filed another habeas petition under

---

[3] *See* CCS for Cause No. 45G03-1104-FB-34 at 07/31/2012, available at https://public.courts.in.gov/mycase (last visited August 6, 2025).

[4] *Cantu v. Hill*, No. 2:17-cv-285 (June 15, 2017), Dkt. 1.

[5] *Cantu v. Hill*, No. 2:17-cv-285 (May 3, 2018), Dkt. 26 at 2-3.

[6] *See* CCS for Cause No. 45G03-0712-FB-00104 and Cause No. 45G03-1710-PC-000008 at 10/18/2017, available at https://public.courts.in.gov/mycase (last visited August 6, 2025); Cause No. 45G03-1710-PC-000008 at 06/05/2018, available at https://public.courts.in.gov/mycase (last visited August 6, 2025).

[7] *See* CCS for Cause No. 45G03-0712-FB-00104 and Cause No. 45G03-1104-FB-34 at 01/03/2019, available at https://public.courts.in.gov/mycase (last visited August 6, 2025).

[8] *Cantu v. Indiana Parole Board*, No. 2:19-cv-608-JPH-MJD (December 16, 2019), Dkt. 1.

28 U.S.C. § 2241 seeking compassionate release for his mother's health issues, which the Court denied for improper venue, and also denied to alter or amend that judgment.[9] It appears that he did not appeal. Dkt. 11 at 5.

On June 12, 2023, Mr. Cantu attempted to file a successive post-conviction relief petition.[10] The post-conviction court noted that Mr. Cantu must first ask permission to file a successive petition from the Indiana Court of Appeals, and he filed the request shortly thereafter challenging his parole detainer.[11] On August 4, 2023, the Indiana Court of Appeals found that Mr. Cantu failed to show a reasonable possibility that he was entitled to post-conviction relief and declined to authorize his successive filing. *Id.* Mr. Cantu also attempted to file a PCR petition under Cause No. 45G03-2409-PC-000018, regarding his sentence underlying Cause No. 45G03-1104-FB-000034, but he has since voluntarily withdrawn the petition by counsel and that court ordered the petition dismissed without prejudice on October 22, 2024.[12]

On October 18, 2024, Mr. Cantu filed the habeas petition at issue. Dkt. 1. Although Mr. Cantu notes that he intends to challenge his parole revocation under Cause No. 45G03-0712-FB-00104, he requests compassionate release under the First Step Act, citing that he is again asking to be released for "extraordinary and compelling reasons" related to his and his mother's health conditions. *Id.* at 5-10.

## II.    Applicable Law

---

[9] *Cantu v. Indiana Parole Board*, No. 1:23-cv-1134-MPB-TAB (January 26, 2023), Dkt. 1, Dkt. 8, Dkt. 9, Dkt. 10.

[10] *See* CCS for Cause No. 45G03-0712-FB-00104 at 06/20/2023, available at https://public.courts.in.gov/mycase (last visited August 6, 2025).

[11] *See* CCS for Cause No. 23A-SP-01525 at 07/06/2023, available at https://public.courts.in.gov/mycase (last visited August 6, 2025).

[12] *See* CCS for Cause No. 45G03-2409-PC-000018 at 09/24/2024, 10/22/2024, 10/25/2024, available at https://public.courts.in.gov/mycase (last visited August 6, 2025).

A federal court may grant habeas relief to a person in custody pursuant to the judgment of a state court only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). Where a state court has adjudicated the merits of a petitioner's claim, a federal court cannot grant habeas relief unless the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A petitioner may procedurally default his claim by failing to fairly present it "throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings." *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014). In Indiana, this means presenting the claims to both the Indiana Court of Appeals and the Indiana Supreme Court. *Hinesley v. Knight*, 837 F.3d 721, 735 (7th Cir. 2016) (citing *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999)).

"A procedural default will bar federal habeas relief unless the petitioner can demonstrate both cause for and prejudice stemming from that default, *or* he can establish that the denial of relief will result in a miscarriage of justice." *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004) (internal citations omitted).

### III.    Discussion

Mr. Cantu's claims are procedurally defaulted.[13] Mr. Cantu has failed to file a petition for habeas corpus or post-conviction relief petition in state court after his parole was actually revoked. Further, he has never tried to properly appeal any claims related to the revocation of his parole;

---

[13] Because the Court dismisses Mr. Cantu's claims on the grounds of procedural default, it need not determine whether his claims are also barred by the statute of limitations.

i.e., Mr. Cantu has failed to seek review all the way through a decision by the Indiana Supreme Court either affirming a trial court's denial of a state habeas petition or denying transfer from the Indiana Court of Appeals. Rather, he merely requested that the Indiana Court of Appeals approve the filing of a successive post-conviction relief petition under Cause No 23A-SP-01525, but these proceedings did not constitute an appeal of a state court's decision.

If a petitioner in custody pursuant to a state court judgment raises a claim on federal habeas review without first presenting it through "one complete round of the State's established appellate review process," including alerting the state to the federal constitutional issues it needs to address, the claim is procedurally defaulted. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-845 (1999); *Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015). Merely referencing a claim is not enough to avoid procedural default. For fair presentment, a petitioner must "present both the operative facts and controlling law to the state court." *Thomas v. Williams*, 822 F.3d 378, 384-385 (7th Cir. 2016) (cleaned up). To obtain relief on a procedurally defaulted claim, a petitioner must show either "cause and prejudice" to excuse the default or "that the court's failure to consider the defaulted claim would result in a fundamental miscarriage of justice." *McDowell v. Lemke*, 737 F.3d 476, 483 (7th Cir. 2013). Mr. Cantu has not fairly presented his claims through each and every level of Indiana court review, and accordingly, his claims are procedurally defaulted.

In response, rather than challenging default, Mr. Cantu has filed a motion arguing—and seeming to abandon his petition challenging the parole revocation by stating that he is "not . . . challenging the Indiana Parole Board."—that he is entitled to release via the First Step Act under compassionate release grounds. Dkt. 12. However, the First Step Act concerns prisoners in federal custody of the Bureau of Prisons, whereas Mr. Cantu is in the custody of IDOC. Indeed, his instant Petition attempts to challenge his custody following a parole revocation, and accordingly, his

habeas petition is construed under 28 § U.S.C. 2254. *See Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000) (holding that § 2254 is the exclusive means for a person to challenge state custody pursuant to judgment of a state court).

As noted, 18 U.S.C. § 3582(c)(1) provides an avenue for federal prisoners in the custody of the Bureau of Prisons to file a motion for early release that is commonly called a motion for compassionate release. *See In re Thomas*, 91 F.4th 1240, 1242 (7th Cir. 2024). But Mr. Cantu now is in state, not federal, custody and cannot utilize this statute. Further, this argument is waived as it was raised for the first time in his response. *Wonsey v. City of Chi.*, 940 F.3d 394, 398-99 (7th Cir. 2019) (holding that arguments raised for the first time in a reply brief are waived) and *Thompson v. Battaglia*, 458 F.3d 614, 616 (7th Cir. 2006) (A prisoner must present "[a]ll arguments for habeas corpus relief . . . in the petition."). And to the extent that his petition, asks to renew the challenges to his conviction, this Court does not have jurisdiction to authorize a successive habeas action. It "'is an allocation of subject-matter jurisdiction to the court of appeals.'" *In re Page*, 170 F.3d 659, 661 (7th Cir. 1999) (quoting *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)), opinion supplemented on denial of rehearing en banc, 179 F.3d 1024 (7th Cir. 1999). Therefore, "[a] district court must dismiss a second or successive petition . . . unless the court of appeals has given approval for the filing." *Id*. That is not the case here as Mr. Cantu was not authorized to file a successive petition.

Finally, there generally is no right under the United States Constitution to parole or early release from state imprisonment. *See Greenholz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 9-11 (1979). Nor does Mr. Cantu identify any state law that would create such right. He makes no argument that any of his aliments that he alleges entitle him to compassionate release

precluded him from fully exhausting his claims. As such, the respondent's motion to dismiss, dkt. 10, must be **granted**.

### IV.     Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the Court finds that no reasonable jurist would find it "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  The Court therefore **denies** a certificate of appealability.

### V.     Conclusion

For the reasons stated above, the respondent's motion to dismiss is **GRANTED**. Dkt. [10]. Mr. Cantu's petition is **dismissed without prejudice**.

His "motion for response to Att. General," dkt [12], is **GRANTED** to the extent that this order provides a response to Mr. Cantu's petition.

Final judgment will issue in a separate entry.

**IT IS SO ORDERED.**

Date: 9/5/2025

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ANTONIO CANTU
190824
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

All Electronically Registered Counsel